In the Matter of MARY TOMBINI et al., Respondents, *v.* FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant, and EDWARD H. HALE, Intervenor-Respondent.

First Department, March 27, 1969.

*Harry Michelson* of counsel (*Nathan Burkan, Jr.,* with him on the brief; *Gerald J. Turetsky,* attorney), for appellant.

*Jack Newton Lerner* for respondents.

*Per Curiam.* This article 78 proceeding was instituted to compel the issuance of a certificate of eviction. In February, 1967 petitioners entered into an agreement of sale to purchase shares in a co-operative corporation and to acquire the proprietary lease for Apartment 8 at premises 45 East 9th Street in Manhattan. The agreement of sale stated clearly that the formation of the co-operative did not comply with the requirements of the rent regulations. The actual sale occurred on or about March 1, 1967.

The building here involved contains 99 apartments of which all but 8 were co-operative at the time of the sale. The tenant of Apartment 8, the intervenor-respondent herein, entered into possession in December, 1955, pursuant to a two-year lease and remained thereafter as a statutory tenant.

On or about April 12, 1967, petitioners made application pursuant to section 54 of the Rent, Eviction and Rehabilitation Regulations for a certificate of eviction seeking possession of Apartment 8. The District Rent Director denied the application and such denial was upheld by the Rent Administrator. An article 78 proceeding was instituted by petitioners and, initially, the petition was dismissed. On reargument Special Term recalled its prior determination and granted the petition to the extent of annulling the determination of the Rent Administrator and remanded the matter for further proceedings. The Administrator appeals from the order and judgment entered thereon.

Respondent-appellant urges that stockholders as such are not eligible to obtain a certificate of eviction, noting that the " governing statute and corresponding regulation, Admin. Code, Sec. Y51–6.0b.(1), Rent Reg., Sec. 55a, only authorizes issuance of certificates of eviction to landlords who are natural persons."

Appellant asserts that satisfaction of subdivision c of section 55 of the rent regulations is essential for obtaining eviction certificates in co-operative apartment houses.

Petitioners-respondents in urging affirmance contend that the second paragraph of subdivision a of section 54 gives the Administrator an alternative ground on which to issue the certificate. Subdivision (a) of section 54 in the first paragraph mandates the issuance of a certificate of eviction if the requirements of sections 55, 56, 57, 58 or 59 are met. It then provides: " The Administrator may also issue orders granting certificates in other cases if the requested removal or eviction is not inconsistent with the purposes of the Rent Law or these Regulations and would not be likely to result in the circumvention or evasion thereof ".

Petitioners below urged the existence of special and unique circumstances warranting the discretionary exercise of the Administrator's powers in that, *inter alia*, the tenant had 8 years in which to purchase the apartment, since 1959; that the building is more than 90% co-operative and the cost to petitioners of carrying the apartment is greater than the rent received by petitioners.

The Administrator in his order and opinion noted that " [p]aragraph c of section Y51–6.0 of the Rent Law authorizes the Administrator to promulgate such regulations as is necessary or proper for the control of evictions. Section 55 * * * was expressly designed and promulgated to cover evictions for co-operative ventures, and was clearly intended as the exclusive method for these applications." The Administrator concluded, from the record, petitioners sought relief under section 54 in an attempt to circumvent and evade the provisions of subdivision c of section 55 of the regulations.

As the person empowered to promulgate the implementing regulations it was within the competence of the Administrator to formulate such regulations as he determined reasonably necessary and calculated to carry out the intent of the statute. Unless such regulation or determination is clearly without rational basis it should not be disturbed.

Paragraph (1) of subdivision c of section 55 refers to stockholders such as petitioners as " purchaser[s] of stock " and not as landlords. Section 55 has been upheld as valid (see *People ex rel. McGoldrick* v. *Sterling,* 283 App. Div. 88; *Gilligan* v. *Tishman Realty & Constr. Co.,* 283 App. Div. 157, affd. 306 N. Y. 974; cf. *De Minicis* v. *148 East 83rd St.,* 15 N Y 2d 432, 435). On the other hand section 54, by its language, seems to indicate that certificates of eviction must or may be issued upon

application of landlords. The petitioners by the wording of the regulations seem clearly to fall within subdivision c of section 55. Moreover, even under section 54 the Administrator could properly, in the exercise of his discretion, conclude, as he did, that the action sought by petitioners would be likely to result in the circumvention or evasion of the rent law or the regulations.

The order and judgment appealed from should be reversed on the law, with costs, and the petition dismissed.

EAGER, J. (dissenting). I would affirm. I am of the opinion that Special Term was correct in holding that section 54 of respondent's regulations may be applied to the situation here. Petitioners would come within the definition of "Landlord". (See Rent, Eviction and Rehabilitation Regulations, § 2, subd. h.) The order of Special Term provides for a remand to the respondent and, on a remand, he may exercise his discretion in light of the opinion at Special Term.

STEVENS, P. J., MARKEWICH and STEUER, JJ., concur in Per Curiam opinion; EAGER, J., dissents and votes to affirm in opinion.

Order and judgment (one paper) reversed on the law, with $30 costs and disbursements to appellant, and the petition dismissed.